IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BARBARA HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1152-T-An |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits. Plaintiff's application was filed on August 26, 2002, and was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 20, 2003.

On March 10, 2004, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council upheld this decision which became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is REVERSED, and the

action is REMANDED for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g) and whether the correct legal standards were applied. Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997). See also Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. Walters v. Commissioner of Soc. Sec., 127 F.3d 525, 528 (6th Cir.1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Foster v. Halter, 279 F.3d 348, 353 (6th Cir.2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy

2

is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 175 (6th Cir. 1994).

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Id. at 176 (citations omitted). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on November 9, 1962. R. at 52. Plaintiff alleged December 20, 2001, as the date of the onset of her disability. R. at 17. Prior to that date, she had worked as a sewing machine operator. R. at 199. Plaintiff stated in her application for benefits that her disability was due to back pain, hand cramps, muscle spasms, and knee pain. R. at 17, 52, 60, 202-06.

In his decision, the ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through the date of this decision; (2) Plaintiff has not

3

engaged in substantial gainful activity since the alleged onset date of disability; (3) Plaintiff has an impairment or a combination of impairments, i.e., arthritis, muscle spasms, hypertension, hypothyroidism status post thyroidectomy, and seasonal allergies, considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b); (4) Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (5) Plaintiff's testimony did not support a finding of disability; (6) Plaintiff has the residual functional capacity to perform a limited range of medium work, lifting no more than forty pounds occasionally and twenty pounds frequently with no exposure to extreme heat or cold; (7) Plaintiff is able to perform her past relevant work as a sewing machine operator; (8) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision. R. at 25-26.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. <u>Born v. Secretary of Health and Human Servs.</u>, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. <u>Id.</u>

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

4

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform a limited range of medium work , including her past relevant work as a sewing machine operator. R. at 26.

Plaintiff argues that the ALJ's findings that she could perform a limited range of medium work and that she could return to her past relevant work are not supported by the evidence. Specifically, Plaintiff argues that the ALJ did not give the proper weight to the opinion of her treating physician and that the ALJ should have obtained the services of a vocational expert ("VE") to determine what skills are necessary to perform the work of sewing machine operator and what skills, if any, Plaintiff has retained.

5

The ALJ rejected the opinion of Plaintiff's treating physician, Dr. Sheran Yeats, that Plaintiff suffered from fibromyalgia, in part, because there was "nothing in the record as to how or why he reached that diagnosis." R. at 23. The ALJ also found Dr. Yeats' assessments to be internally inconsistent. R. at 24. As noted by Plaintiff, Dr. Yeats' assessments appear to be based on a diagnosis of "generalized arthritis" and "chronic back pain," rather than fibromyalgia. Reply at 4 citing R. at 177-178.

When the treating source opinion is inadequate for a determination, the Commissioner should re-contact the treating source for additional information or clarification.[1] 20 C.F.R. § 404.1512(e). Here, the ALJ rejected the treating physician's opinion based on a possible misreading of Dr. Yeats' notes.[2] Dr. Yeats should have been re-contacted to clarify any perceived inconsistencies in his assessments. Because the ALJ failed to fully develop the record, the decision to deny Plaintiff's applications for benefits must be reversed.

Having determined that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because

---

[1] When the evidence ⋯ from your treating physician ⋯ or other medical source is inadequate for us to determine whether you are disabled, we ⋯ will first recontact your treating physician ⋯ or other medical source to determine whether the additional information ⋯ is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.
20 C.F.R. § 404-1512(e).

[2] Plaintiff acknowledges that Dr. Yeats' notes "are handwritten, and unfortunately, not very legible." Plaintiff's Brief at p. 2.

the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings.

In summary, the decision of the Commissioner is REVERSED, and the action is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) in order for the ALJ to re-contact Sheran Yeats, M.D., for clarification pursuant to 20 C.F.R. § 404.1512(e) and Social Security Ruling 96-5p. The ALJ should then consider, based on Dr. Yeats' assessment, whether Plaintiff can return to her past relevant work. If not, then the ALJ should retain the services of a vocational expert to determine whether Plaintiff has the residual functional capacity to perform any other substantial gainful activity. See Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The ALJ should also reassess Plaintiff's subjective complaints in light of Dr. Yeats' assessment. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_13 September 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:04-CV-01152 was distributed by fax, mail, or direct printing on September 15, 2005 to the parties listed.

---

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT